UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Todd Kreisler,<br><br>Plaintiff,<br>against<br><br>Koscal 59 LLC and Perito Restaurant Corp.<br>Defendant. | Case No: 1:26-cv-02111 (PAE) (SLC)<br><br>**CONFIDENTIALITY STIPULATION AND ~~[PROPOSED]~~ PROTECTIVE ORDER** |

**WHEREAS**, the Plaintiff Todd Kreisler, Defendant Koscal 59 LLC, and Defendant Perito Restaurant Corp. (each a "Party" and collectively, the "Parties") have agreed to terms of confidentiality for information and documents exchanged by the Parties in this action set forth below, and

**WHEREAS**, the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

**ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the Parties in connection with the pre-trial phase of this action:

1. A Party's counsel of record in this Action ("Counsel") may designate any document or information, in whole or in part, as confidential if Counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, personally identifiable information, or otherwise sensitive non-public information ("Confidential Information").

2. In advance of disclosing information and documents to any other Party, a Party shall either (a) inform the other Parties in advance of disclosure as to the information and documents that are Confidential Information; or (b) shall stamp such Confidential Information "CONFIDENTIAL", in advance of disclosing the information and documents to the other Parties.

3. Each Party that receives Confidential Information shall hold and use the disclosed Confidential Information solely in connection with this action.

4. In the event a Party challenges (the "Challenging Party") another Party's designation of information and documents as Confidential Information, the Challenging Party shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the Challenging Party may apply to the Court to resolve whether the designated information and documents are properly designated as Confidential Information. Nothing in this Protective Order constitutes an admission by any Party that Confidential Information disclosed in this action is relevant or admissible. Each Party reserves the right to object to the use or admissibility of Confidential Information.

5. The Parties should meet and confer if any production requires a designation of "For Attorneys' or Expert's Eyes Only". All other documents identified or designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

   a. Counsel and the requesting Party, including the requesting Party's in-house counsel, or other counsel assigned to assist in the litigation;

b. Employees of Counsel assigned to and necessary to assist in the litigation;
c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by Counsel; and
d. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

6. Prior to disclosing or displaying the Confidential Information to any person, Counsel must:
a. Inform the person of the confidential nature of the information or documents;
b. Inform the person that this Court has enjoined the use of the information or documents by them for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and
c. Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

7. The disclosure of a document or information without designating it as "Confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

8. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving Party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing Party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the Party who received PII experiences a data breach, it shall immediately notify the producing Party of same and cooperate with the producing Party to address and remedy the breach. Nothing herein shall preclude the producing Party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving Party's failure to appropriately protect PII from unauthorized disclosure.

9. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

10. Notwithstanding the designation of information as "Confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. The Parties shall follow the Court's procedures for requests for filing under seal.

11. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing Party or certified as destroyed, except that Counsel shall be permitted to retain their working files on the condition that those files will remain protected.

12. Nothing herein shall preclude the Parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

SO STIPULATED AND AGREED.

Dated: July 16, 2026

**HANSKI PARTNERS LLC**

By: ______________________
Adam Hanski, Esq.
*Counsel for Plaintiff Todd Kreisler*
4 International Dr, Ste 110
Rye Brook, NY 10573
Email: ash@disabilityrightsny.com

**CORITSIDIS & LAMBROS, PLLC**

By: ______________________
Jeffrey A. Gangemi, Esq.
*Counsel for Defendant Koscal 59 LLC amd Perito Restaurant Corp*
46 Trinity Place, 4th Floor
New York, New York 10006
jeffrey@corilamb.com

SO ORDERED.

Dated: July 21, 2026

______________________
Sarah L. Cave
United States Magistrate Judge

**Exhibit A**

**Agreement**

I have been informed by counsel for _________________________ that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED:

_________________________________

Signed in the presence of:

_________________________________

(Attorney)